## VAN DYKE *v.* CORDOVA COPPER COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF ARIZONA.

No. 735.   Motion to dismiss submitted May 11, 1914.—Decided June 8, 1914.

Although words may be superfluous, if the statute be construed in accordance with the obvious intent of Congress, the courts should not, simply in order to make them effective, give them a meaning that is repugnant to the statute looked at as a whole, and destructive of its purpose.

Under §§ 32 and 33 of the Arizona Enabling Act of June 20, 1910, the judgment of the state court in a case transferred to it from the

territorial court is not reviewable by this court simply because it was pending in the territorial court at the time of the Enabling Act; such a judgment can only be reviewed by this court where a Federal question exists to give jurisdiction as in the case of judgments from the courts of other States.

Writ of error to review, 14 Arizona, 499, dismissed.

THE facts, which involve the jurisdiction of this court to review judgments of the courts of a State rendered after statehood in cases transferred from the territorial court, are stated in the opinion.

*Mr. William J. Hughes, Mr. John H. Campbell* and *Mr. Karl W. Kirchwey,* for defendant in error, in support of the motion.

*Mr. Richard E. Sloan* and *Mr. James Westervelt,* for plaintiff in error, in opposition to the motion.

Memorandum opinion by MR. CHIEF JUSTICE WHITE, by direction of the court.

This action was brought on December 2, 1911, by the Cordova Copper Company in the "District Court of the Fifth Judicial District of the Territory of Arizona in and for the County of Gila" to recover sums of money alleged to have been loaned to Van Dyke, the plaintiff in error, and remaining unpaid. The case was tried in April and May, 1912, after the admission of Arizona as a State, in the "superior court of Gila county, State of Arizona" and resulted in a verdict on May 4 for $15,364.75, upon which judgment was entered on the same day. On May 16, Van Dyke moved for a new trial, which motion was at the instance of the Company stricken from the files. An appeal was taken to the Supreme Court of the State. The court, deciding that the appeal was taken alone from the judgment and that there was no reversible error in the

judgment roll, held that it could not review errors which were alone susceptible of being reviewed upon an appeal from an order refusing a new trial, although treating the motion to strike out as equivalent to such refusal, and the judgment was consequently affirmed. This writ of error was then prosecuted and the case is before us on a motion to dismiss.

Neither in the assignments of error nor in the argument at bar is it asserted that Federal rights were raised or involved in the court below, but the assertion that the case is within our jurisdiction rests solely upon the provisions of §§ 32 and 33 of the Arizona Enabling Act of June 20, 1910, c. 310, 36 Stats., pp. 557, 576, 577. The sections in question, generally speaking, provide for the trial of cases pending at the time of admission to Statehood and for their transfer to the appropriate courts established under the new system, and the particular language upon which the controversy turns is this:

". . . and that from all judgments and decrees or other determinations of any court of the said Territory, in any case begun prior to admission, the parties to such cause shall have the same right to prosecute appeals, writs of error, and petitions for review to the Supreme Court of the United States or to the circuit court of appeals as they would have had by law prior to the admission of said State into the Union."

The contention is that as this case was "begun prior to admission" and is one which in consequence of the amount involved might have been brought to this court from a judgment of the Supreme Court of the Territory, therefore it comes within the express terms of the statute and there is jurisdiction. But conceding the premise we think the conclusion is clearly in conflict with the plain language of the provision relied upon. We say this because the right to prosecute writs of error conferred is limited to "judgments and decrees or other determinations of any court of

the said territory," thus obviously excluding the right to review in a case like this where although "begun prior to admission," the case was tried after the conferring of statehood and judgment rendered in a state court. It may indeed be, as suggested in the argument, that to thus construe the provision renders superfluous the phrase "in any cause begun prior to admission," since in the nature of things no judgment could be rendered by a territorial court unless the action had been brought prior to the admission of Arizona as a State. But we may not in order to give effect to those words virtually destroy the meaning of the entire context, that is, give them a significance which would be clearly repugnant to the statute looked at as a whole and destructive of its obvious intent. The statute was enacted for a two-fold purpose, first, to save the right of appeal which had arisen and was in existence in cases decided prior to statehood in the methods contemplated by existing laws, and second, to appropriately distribute and provide for the transfer of untried and pending causes to the new courts which would come into existence under the new system. Passing the question of power to so do, it could not be assumed except as the result of the most unequivocal direction to that end that the statute was intended to create a new and strange method of procedure unknown to our constitutional system of government by which the judgments to be rendered by state courts in cases which the statute contemplated should be transferred to such courts for trial, should be reviewed, not according to the methods provided by the state law for such judgments, but by the Federal courts, although no Federal question of any kind was present to give such courts jurisdiction. That no such anomaly could possibly have been contemplated is shown by the proviso of § 33 of the act making cases in the Supreme Court of the Territory which were pending at the time of Statehood and which were transferred to the highest

court of the State reviewable by this court not as judgments of territorial courts, but on the contrary as judgments of state courts; in other words, making it plain that it was not contemplated that after a case had been transferred to and decided by a state court it would be subject to a review in this court, simply because it was pending in the territorial court at the time of the Enabling Act, as if it were a judgment of a territorial court.

*Dismissed for want of jurisdiction.*